IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ASHLEY CARTWRIGHT | § | |
| Vs. | § | CIVIL ACTION NO. 9:09CV205 |
| AMERICAN HONDA MOTOR CO., INC. | § | |

MEMORANDUM OPINION AND ORDER

On July 19, 2011, the undersigned conducted a hearing to consider the following motions: Defendant's Motion for Summary Judgment (document [#41](#41)), Defendant's Motion to Exclude Opinions and Testimony of Stephen Batzer (document [#42](#42)), Defendant's Motion to Exclude Opinions and Testimony of Paul Lewis (document [#43](#43)), Plaintiff's Motion to Exclude Opinions and Testimony of DPS Corporal Jimmy Faulkner (document [#44](#44)), Plaintiff's Motion to Exclude Proposed Expert Opinion Testimony from Michael E. Klima to the Extent it is Based on Accident Statistics (document [#45](#45)), Defendant's Motion to Exclude Opinions and Testimony of Allan J. Kam (document [#46](#46)), Plaintiff's Motion to Exclude Certain Testimony from Dr. Michael Carhart (document [#47](#47)), Plaintiff's Motion to Exclude Proposed Expert Opinion Testimony from Lee C. Carr (document [#48](#48)) and Plaintiff's Motion to Exclude Certain Expert Opinions of Dr. Thomas McNish (document [#49](#49)). At the hearing, the undersigned heard arguments from counsel and denied the motions for the reasons set forth below.

*Background*

This is a products liability case concerning a one-vehicle roll over automobile accident that occurred on March 3, 2009 involving a 1997 Honda Accord. Plaintiff asserts that she swerved to avoid a pot-hole and lost control of her car while driving on Forest Service Road 107 in Shelby County. The car left the road and rolled. Plaintiff was ejected from the vehicle. There is a dispute between the parties as to whether Plaintiff was wearing her seatbelt at the time of the accident. Plaintiff suffered severe injuries rendering her a quadriplegic.

This lawsuit was filed on December 9, 2009. Plaintiff asserts a defective design products liability claim against American Honda Motor Co., Inc. Plaintiff asserts that her injuries resulted from defects in the vehicle's roof and driver's side window. More specifically, Plaintiff alleges that the side windows, including the use of tempered glass in the side windows, and the roof structure were defective such that together these defects rendered the vehicle uncrashworthy, defective and unreasonably dangerous. The parties filed eight motions seeking to exclude some or all of each other's expert witness opinions.

*Applicable Law*

Pursuant to FRE 702, an expert may testify as an expert by knowledge, skill, experience, training, or education if scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or to determine a fact in issue. FRE 702 requires:

1) the testimony must be based upon sufficient facts or data;
2) the testimony must be the product of reliable principles and methods; and
3) the expert must apply those principles and methods reliably to the facts of the case.

Rule 702 is broadly interpreted, and helpfulness to the trier of fact is its "touchstone." *Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir.1993)* (*citing Friendship Heights Associates v. Koubek*, 785 F.2d 1154,

1159 (4th Cir.1986)). Testimony from an expert is presumed to be helpful unless it concerns matters within the everyday knowledge and experience of a lay juror. *Id.* (*citing Persinger v. Norfolk & Western Railway Co.*, 920 F.2d 1185, 1188 (4th Cir.1990)).

In *Daubert*,[1] the Supreme Court recognized that the trial judge has a gate-keeping role to ensure that expert testimony is relevant and reliable. The Court espoused five non-exclusive, flexible factors that may be considered in deciding whether a proposed expert's methodology is scientifically valid or reliable:

> (1) whether the expert's theory can be or has been tested,
> (2) whether the theory has been subject to peer review and publication,
> (3) the known or potential rate of error of the technique or theory when applied,
> (4) the existence and maintenance of standards and controls, and
> (5) the degree to which technique or theory has been generally accepted in the scientific community.

*Daubert*, 509 U.S. at 593-95. The Court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. The *Daubert* factors are not mandatory or exclusive; a court must decide whether the *Daubert* factors are appropriate, use them as a starting point and then ascertain if other factors should be considered. *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir.2007). To be admissible, an expert's opinion must be based on sufficient facts and a reliable methodology. *Id.*

In *Kumho Tire*,[2] the Supreme Court applied the *Daubert* principles to technical or specialized expert testimony. The Court explained that the overarching goal of *Daubert's* gate-keeping

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993).

[2] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999).

requirement is to "ensure the reliability and relevancy of expert testimony. It is to make certain an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 119 S.Ct. at 1176. A trial court has the discretion to exclude expert testimony if there is an "analytical gap" between the expert's reasoning and the conclusion. *General Electric Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512 (1997).

After a court considers the *Daubert* factors, a court may then consider whether other factors, not mentioned in *Daubert*, are relevant to the case at hand. *Black v. Food Lion, Inc.*, 171 F.3d 308, 312 (5th Cir.1999). "The proponent [of the expert testimony] need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998).

### *Stephen Batzer*

On March 18, 2011, Stephen Batzer, an expert in the field of automotive design analysis engineering retained by Plaintiff, submitted a Fed.R.Civ.P. 26(a)(2)(B) report with his analysis of the subject collision. Defendant complains that Batzer's opinion is unreliable because he has not offered or tested a specific alternative design. Defendant characterizes Batzer's alternative design as a concept and not an actual alternative design. Plaintiff, on the other hand, submits that Batzer's opinion is reliable and is supported by rollover tests conducted in accordance with industry practices and procedures. Further, Plaintiff asserts that Batzer has produced sufficient alternative designs supported by valid engineering principles and by testable methods or calculations.

Batzer's opinions were thoroughly fleshed out at the hearing. Having carefully considered the pleadings and arguments of counsel, I conclude that Stephen Batzer's testimony will assist the

4

trier-of-fact as required by Fed.R.Evid. 702. Defendant's challenges to Mr. Batzer's opinion go to the weight of his opinion and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. I further conclude that Stephen Batzer is qualified to testify as an expert in this case and that Plaintiff has shown his testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. I find that his opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case.

*Paul Lewis*

Paul Lewis is a biomechanical engineer retained by Plaintiff as an expert witness on occupant kinematics and biomedical engineering. Defendant seeks to exclude Lewis' opinions because he presents an alternate causation opinion, he is not qualified to offer an opinion about injuries that Plaintiff might have received in an alternate accident scenario, and he identifies his methodology as the "scientific method," but does not specify what specific methodology he used. In addition to concluding that Plaintiff's neck injury was caused when she hit the ground after ejection, Lewis opines that she would have suffered the same type of injury had she not been ejected from the vehicle because of roof crush. Plaintiff asserts that the alternative opinion concerning whether Plaintiff was or would have been injured while in the vehicle with or without ejection is in direct response to Defendant's expert witness who opines that Plaintiff's injury occurred prior to ejection. Further, Plaintiff submits that Lewis is well qualified to testify concerning injury causation and his reliance on the scientific method, a fundamental principle, is proper.

Lewis' opinions were thoroughly reviewed at the hearing. Having carefully considered the

pleadings and arguments of counsel, I conclude that the testimony of Paul Lewis will assist the trier of fact. I further conclude that Paul Lewis is qualified to testify as an expert in this case and that Plaintiff has shown his testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. Defendant's challenges to Lewis' opinion go to the weight of his opinion and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. I find that Paul Lewis' opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case.

***Corporal Jimmy Faulkner***

Corporal Jimmy Faulkner is offered as a non-retained expert by Defendant. Plaintiff seeks to exclude Corporal Faulkner's opinion as to the cause of the accident. Corporal Faulkner investigated the accident and prepared an accident report in his capacity as the state trooper on the scene. On the accident report, Corporal Faulkner concludes that the cause of the accident was Plaintiff's faulty evasive action and unsafe speed under the limit. Plaintiff asserts that Corporal Faulkner is unqualified to offer an opinion as to the cause of the accident because he does not have specialized training in accident reconstruction. Defendant counters that Corporal Faulkner is being offered to provide his opinion as the law enforcement officer who conducted the official investigation supported by 15 years of experience investigating accidents, not as an accident reconstructionist.

Having carefully considered the pleadings and arguments of counsel, I conclude that the testimony of Corporal Faulkner will assist the trier of fact. I further conclude that Corporal Faulkner is qualified to testify as an expert in this case and that Defendant has shown his testimony to be

sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. Plaintiff's challenges to Corporal Faulkner's opinions go to the weight of his opinions and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. I find that Corporal Faulkner's opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case. Corporal Faulkner's experiment, however, where he attempted to re-create the path of Plaintiff's car with his patrol car and test Plaintiff's assertion that she lost control of her vehicle after hitting a pothole, is excluded as unreliable. Unlike his opinions flowing from his accident investigation, Corporal Faulkner's experiment lacks the reliability required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. While Corporal Faulkner has the experience and training to investigate accidents, there has been no showing that he is qualified to re-create an accident and make findings from that re-creation.

### *Michael Klima*

Michael Klima is offered by Defendant as an expert witness on seat belts and seat belt usage. Plaintiff challenges only one opinion offered by Michael Klima – that proper seatbelt usage reduces the likelihood of ejection and injury in rollover collisions. Plaintiff asserts that Klima improperly relies upon statistical data for accidents that are not substantially similar to the one at issue in this case. Defendant contends that Klima's reliance on statistical evidence is proper and his opinion is buttressed by his experience working as a design engineer and analyst for GM, Ford and Toyota.

Klima's opinion was thoroughly discussed at the hearing. Having carefully considered the pleadings and arguments of counsel, I conclude that the testimony of Michael Klima will assist the trier of fact. I further conclude that Michael Klima is qualified to testify as an expert in this case and

that Defendant has shown his testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. Plaintiff's challenge to Klima's opinion concerning the reduced likelihood of ejection and injury in rollover accidents with proper seatbelt usage goes to the weight of his opinion and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. I find that Michael Klima's opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case.

*Allan J. Kam*

Allan J. Kam, an attorney, is offered by Plaintiff as an expert on the National Highway Traffic Safety Administration ("NHTSA"). Defendant submits that Kam's testimony should be excluded because a federal regulation prohibits former employees from testifying, his report contains legal conclusions that are inadmissible, the report is filled with opinion testimony that he is not qualified to offer and includes inadmissible hearsay, and his findings are irrelevant and unhelpful, as well as highly prejudicial. Plaintiff asserts that Kam's testimony is relevant and necessary to rebut Defendant's assertion that it is entitled to a presumption of no liability because it complied with government safety standards.

Kam's opinions were thoroughly explored at the hearing. His opinions relate to his personal knowledge of NHTSA's general practices and procedures and Defendant has not shown that 49 C.F.R. § 9 prohibits the proffered testimony. Having carefully considered the pleadings and arguments of counsel, I conclude that Kam's testimony will assist the trier of fact. I further conclude that Kam is qualified to testify as an expert in this case and that Plaintiff has shown his testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S.

579, 113 S.Ct. 2786 (1993) and F.R.E. 702. Defendant's challenges to Kam's opinions go to the weight of his opinions and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. In addition, the challenge asserted seeking to limit Kam from offering legal conclusions may be raised in a motion *in limine*. I find that Kam's opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case.

### *Dr. Michael Carhart*

Dr. Michael Carhart is offered by Defendant as an expert on window glazing. In his report, Dr. Carhart opines that use of laminated safety glass in place of tempered glass would not have prevented Plaintiff's ejection from the vehicle. Plaintiff argues that Dr. Carhart's analysis is flawed because his window centrifugal force analysis is unreliable, in that it misrepresents the accident forces, and relies upon tests that were not substantially similar to the subject accident. Defendant submits that Dr. Carhart's methodology is pure mathematical calculation based upon accepted principles of physics.

Dr. Carhart's opinions were thoroughly explored at the hearing. Having carefully considered the pleadings and arguments of counsel, I conclude that the testimony of Dr. Carhart will assist the trier of fact. I further conclude that Dr. Carhart is qualified to testify as an expert in this case and that Defendant has shown his testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. Plaintiff's challenges to Carhart's opinion go to the weight of his opinion and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. I find that Dr. Carhart's opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result

of applying those principles and methods reliably to the facts of the case.

### *Lee Carr*

Lee Carr is an accident reconstructionist expert witness offered by Defendant. Plaintiff seeks to exclude Carr's opinions concerning roof issues, seatbelt use and injury potential that rely upon NHTSA statistics. These opinions are found in paragraphs 18, 19 and 20 of Carr's report. Plaintiff contends that Carr is not qualified to offer an opinion concerning accident statistics and the statistics he relies upon do not concern similar accidents. Defendant asserts that Carr's opinions concern injury risks, as opposed to causation, and the accident statistics are not being offered to prove or disprove a defect.

Carr's opinions were thoroughly discussed at the hearing. Having carefully considered the pleadings and arguments of counsel, I conclude that the testimony of Lee Carr will assist the trier of fact. I further conclude that Carr is qualified to testify as an expert in this case and that Defendant has shown his testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. Plaintiff's challenges to Carr's opinion go to the weight of his opinion and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. I find that Lee Carr's opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case.

### *Dr. Thomas McNish*

Dr. Thomas McNish, a medical doctor and engineer, is offered by Defendant as a biomechanical expert witness designated to testify on injury causation and occupant kinematics. Plaintiff seeks to exclude four of Dr. McNish's opinions: (1) at the one-quarter roll position, the

vertex of Plaintiff's head was against the roof and remained in that position as the vehicle continued to roll over past the one-half roll position when she sustained a significant axial load to her cervical spine causing her severe cervical spine injuries resulting in tetraplegia prior to her ejection through the driver's side window; (2) that had Plaintiff been wearing her seatbelt, she would not have been seriously injured in this rollover accident; (3) that Plaintiff struck the ground at an excess of 25 mph with her upper right posterior thorax; and (4) any opinions concerning the speed at which Plaintiff's body was traveling as she was ejected from the vehicle, her trajectory, her height above the ground, or the angle of dissent and speed at which she landed.

Dr. McNish opines, among other things, that "witness marks," markings inside the vehicle showing where Plaintiff's body struck the inside of the vehicle, compared with the injuries viewed on Plaintiff's CT scans show that Plaintiff's devastating injury occurred prior to ejection. Dr. McNish ruled out other causes in his report and deposition testimony and performed a surrogate study with an exemplar vehicle and comparable body to show Plaintiff's position prior to roof crush.

Dr. McNish's opinions were thoroughly explored at the hearing. Having carefully considered the pleadings and arguments of counsel, I conclude that the testimony of Dr. McNish will assist the trier of fact. I further conclude that Dr. McNish is qualified to testify as an expert in this case and that Defendant has shown his testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. Plaintiff's challenges to Carr's opinion go to the weight of his opinion and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. I find that Dr. McNish's opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case.

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Exclude Opinions and Testimony of Stephen Batzer (document [#42](#42)), Defendant's Motion to Exclude Opinions and Testimony of Paul Lewis (document [#43](#43)), Plaintiff's Motion to Exclude Opinions and Testimony of DPS Corporal Jimmy Faulkner (document [#44](#44)), Plaintiff's Motion to Exclude Proposed Expert Opinion Testimony from Michael E. Klima to the Extent it is Based on Accident Statistics (document [#45](#45)), Defendant's Motion to Exclude Opinions and Testimony of Allan J. Kam (document [#46](#46)), Plaintiff's Motion to Exclude Certain Testimony from Dr. Michael Carhart (document [#47](#47)), Plaintiff's Motion to Exclude Proposed Expert Opinion Testimony from Lee C. Carr (document [#48](#48)) and Plaintiff's Motion to Exclude Certain Expert Opinions of Dr. Thomas McNish (document [#49](#49)) are **DENIED**. The only exception to the above is that Corporal Faulkner may not testify concerning his "experiment" in attempting to re-create the path taken by Plaintiff's vehicle with his patrol car to see if he would lose control of the vehicle.

So **ORDERED** and **SIGNED** this **13** day of **August, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE